B. W. ATKINSON, Appellant,

v.

TAYLOR'S, Inc., Appellee.

No. 3328.

Court of Civil Appeals of Texas.

Waco.

Feb. 23, 1956.

Rehearing Denied March 15, 1956.

W. L. Eason, Woodrow F. Eason, Waco, for appellant.

David A. Witts, John M. Hamilton, Dallas, for appellee.

HALE, Justice.

Appellee brought this suit in the County Court at Law of Dallas County, seeking to recover $291.45 alleged to be due it on an open account, and the additional sum of $100 as a reasonable attorney's fee. The itemized account sued upon was in proper form, was duly verified by the oath of an officer of appellee and was attached to its petition. Appellant filed his plea of privilege asserting his right to be sued in McLennan County, and on March 4, 1955 the Dallas County Court at Law sustained appellant's plea and ordered the cause transferred to the County Court at Law of McLennan County for trial on its merits. All papers pertaining to the case were received and filed by the Clerk of the McLennan County Court on March 16, 1955. Thereafter, on March 24, 1955, the Court rendered judgment by default in favor of appellee for $291.45 on the open account and $100 as an attorney's fee. The term of court at which the default judgment was rendered expired on April 30, 1955. On May 4th next, execution was issued on the judgment and on the following day appellant filed in the cause his original answer and a motion for new trial. After the filing of various pleadings subsequent thereto, appellant filed on June 14th next, what is designated as his amended motion for new trial and bill of review.

On June 20, 1955, a hearing was had before the trial court without the aid of a jury. The trial resulted in a judgment by which the court set aside its prior default judgment and awarded a recovery to appellee in the sum of $291.45 on its open account and $75 as an attorney's fee.

The first point of error in appellant's brief is as follows: "The trial court erred in rendering judgment for the plaintiff because there were no pleadings to sup-

port the judgment." Apparently, appellant does not question the sufficiency of the original petition of appellee to support the judgment, but his contention seems to be that appellee should have expressly repleaded all the facts set forth in his original petition by way of answer and cross-action to appellant's so-called "motion for new trial and bill of review." We think this contention is without merit and it is accordingly overruled.

◼ The second point in appellant's brief is as follows: "The court erred in rendering judgment for the plaintiff because the court found that the defendant had a meritorious defense to the plaintiff's suit." We overrule this contention. The trial court expressly found that appellant was indebted to appellee on the open account in the sum of $291.45 and that it was further entitled to a reasonable attorney's fee of $75. The court did not find that appellant had a meritorious defense to the plaintiff's *suit,* but did conclude as a matter of law that appellant's pleading and evidence showed a meritorious defense "sufficient to set aside the default judgment" because the suit was not subject to trial at the time when the default judgment was rendered, in that the ten days' notification required by Rule 89, Texas Rules of Civil Procedure had not been complied with.

◼ The remaining points in the brief of appellant relate to the alleged insufficiency of the evidence to sustain the findings of fact by the trial court with respect to each of the several items upon which the total amount of the judgment rests. Only two witnesses testified in the case, viz.: B. W. Atkinson, who was a witness for himself, and Miss B. E. Taylor, credit manager for appellee, who testified in its behalf. Without attempting to set forth in detail the evidence introduced on behalf of both parties, it must suffice to say that the evidence which was introduced by appellant tended to show that he was not justly indebted to appellee for the recovery sought, while the testimony on behalf of appellee tended to show that appellant was liable for the full amount of the recovery sought.

From the evidence as a whole, we cannot say any of the findings of fact upon which this judgment is based are without any support in the evidence, or that such findings are so clearly against the overwhelming weight and preponderance of the testimony as to be manifestly wrong or unjust.

Therefore, all of appellant's points of error are overruled and the judgment appealed from is affirmed.