Gray, Gardner, Robison & Cobb, Earle Cobb, Jr., San Antonio, for appellee.

**Donald E. SHAW, Appellant,**

v.

**Mary Louise SHAW, Appellee.**

**No. 15081.**

Court of Civil Appeals of Texas, San Antonio.

July 26, 1972.

BARROW, Chief Justice.

This is an appeal from a judgment entered after a nonjury trial whereby appellee was awarded the sum of $9,000.00 for monthly payments in default under a property settlement agreement entered into as a part of a divorce proceeding in Heidelberg, Germany. The sole question on this appeal is whether such monthly payments were permanent alimony or a contractual obligation. The trial court found that such monthly payments were contractual. We affirm.

On March 21, 1968, Donald E. and Mary Louise Shaw were husband and wife, residing in Heidelberg, Germany, although separated and anticipating divorce. On this date, they entered into a property settlement agreement in connection with the proposed divorce. Paragraph 6 thereof, which is in controversy here, reads as follows: "From the date the divorce decree

has become legally valid, Mr. Shaw shall pay to Mrs. Shaw a monthly allowance for support in the amount of $450 net which is to be paid in advance and is due on the first day of each month. This allowance shall be paid by Mr. Shaw in the same amount even if he should enter another marriage, or if Mrs. Shaw should obtain, permanently or temporarily, an income from her own work. Otherwise the arrangement pursuant to Section 323, Code of Civil Procedure, Vernon's Ann.Civ.St., remains applicable." On June 6, 1968, the divorce decree was granted Mrs. Shaw as contemplated by said agreement. Said decree makes no order for a monthly support payment to Mrs. Shaw or any reference to the property agreement. Mr. Shaw made the monthly payments for 25 months, but has not paid any since May 1, 1970. He is now a resident of Bexar County, Texas.

In Francis v. Francis, 412 S.W.2d 29, 33 (Tex.1967), the Supreme Court considered the validity of monthly payments required under a property settlement agreement. The Court said:

"When its true meaning is distilled from the statutes and the court decisions of this State, alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce.

"From what has been said, it follows that obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State."

See also: Republic National Bank of Dallas v. Beaird, 475 S.W.2d 344 (Tex.Civ. App.—Beaumont 1972, writ ref'd); Miller v. Miller, 463 S.W.2d 477 (Tex.Civ.App.— Tyler 1971, writ ref'd n. r. e.); Brown v. Brown, 442 S.W.2d 461 (Tex.Civ.App.— Eastland 1969, writ dism'd).

Here the monthly support payments sued upon are based upon a written property settlement and not a court order or decree. It is of no consequence that Mr. Shaw testified that he agreed to same because he was advised by his German attorney that he would come out better by agreement than submitting same to the court. The trial court properly found said payments do not constitute permanent alimony and were not void as being in violation of the public policy of Texas.

The judgment is affirmed.