William H. FORNEY, Appellant,

v.

Samuel M. JORRIE et al., Appellees.

No. 15300.

Court of Civil Appeals of Texas, San Antonio.

May 8, 1974.

Rehearings Denied June 5, and July 3, 1974.

Trueheart, McMillan, Russell & Hoffman, San Antonio, for appellant.

Wiley, Plunkett, Gibson & Allen (On Appeal Only), Daniel R. Rutherford, San Antonio, for appellees.

BARROW, Chief Justice.

This is a dual appeal from a judgment entered after a jury trial in Forney's suit filed on June 12, 1973, to set aside a default judgment rendered on July 9, 1970, after service by publication. The 1970 judgment awarded Anne Jorrie, former wife of Forney, individually and as next friend for her minor children, a judgment for the back child support and for the monthly payments awarded her in the 1966 divorce decree for her interest in the community estate. Jorrie recovered judgment for the sum he had paid the Internal Revenue Service for back income taxes owed by Forney and Anne during their marriage.

On September 23, 1966, a decree was entered by the 166th District Court of Bexar County, whereby Anne Forney was granted a divorce from William H. Forney. This decree granted Anne the custody of their two minor children and ordered Forney to contribute the sum of $250.00 per month as support for said children. It was also ordered that in lieu of any other award of community property of the parties, Forney would pay Anne the sum of $10,000.00, payable at certain specified sums each

month. The decree further provides in part that Forney ". . . pay the community debts of the parties incurred up to the date of the 28th day of February, 1966, said indebtedness being as follows:" (Thirteen debts are listed, but no debt to the I.R.S. is included.).

On June 20, 1969, Anne married Samuel M. Jorrie. Few of the child support or the monthly payments owed Anne were paid by Forney, and at least two motions for contempt were filed by Anne in an effort to collect the delinquent child support. In the meantime, the I.R.S. determined that income taxes were owed by William H. and Anne Forney for the years 1962–1966. On January 23, 1970, it served notice of levy on the Main Bank & Trust on all accounts owned by Sam Jorrie in the Main Bank &. Trust. The I.R.S. asserted a claim for $21,068.54 against the interest of Anne in said accounts. After unsuccessful efforts to settle said claim, Jorrie paid the Forney back taxes to the I.R.S. from his separate estate, and on March 5, 1970, filed suit in Bexar County against Forney to recover said sum. A claim was also there asserted by Anne for the unpaid child support and the entire $10,000.00 awarded her in the divorce decree.

Citation against Forney was issued on March 5, 1970, and was returned unexecuted on April 16, 1970, by the attorney for plaintiffs (sometimes referred to hereinafter as "Jorries"). On said date, plaintiffs filed a motion for citation by publication, wherein it was alleged by Dan Rutherford, Esq., the attorney for the Jorries, that ". . . they have made due and diligent search for the Defendant and have been unable to locate him and that he no longer resides in San Antonio, and has become a transient person, . . . ." The motion was supported by an affidavit of Rutherford that: ". . . I personally have attempted to find William H. Forney on numerous occasions and have had the Sheriff of Harris County and Bexar County attempt to find the Defendant, all to no avail. The Defendant is a transient person

and has no fixed address at which personal service of process may be had. That at the present time he is absent from the State and that service of Citation under Rule 108 [Texas Rules of Civil Procedure] has been attempted, but to no avail." Citation by publication was issued in this cause on May 13, 1970. On July 9, 1970, an attorney was appointed to defend the suit for the absent Forney, an answer was filed for him, and judgment by default was entered on July 9, 1970, after a hearing before the court. The judgment contained a writ of attachment on certain lands in Webb County, but execution and order of sale of same was returned unexecuted by the Webb County Sheriff at the request of Jorries' attorney. On May 24, 1972, the Jorries filed a complaint in the United States District Court against Forney and others in an attempt to collect the judgment. Service was had on Forney, but the suit was dismissed for want of jurisdiction.

On June 5, 1973, Jorrie et al., filed suit in the 131st District Court of Bexar County against Forney, B. J. McCombs, and others, seeking to establish a constructive trust on lands and estates allegedly conveyed by Forney to the others in an effort to avoid payment of the 1970 judgment. Shortly thereafter, Forney filed this suit to set aside the 1970 default judgment. An order was entered in the 131st District Court suit enjoining discovery or other proceedings therein until Forney's suit to set aside the 1970 default judgment was determined.

Two issues were submitted to the jury whereby the jury found: (1) that Rutherford, Anne and Sam Jorrie *did*·fail to have Forney served with actual notice of the 1970 suit with intent to fraudulently obtain a judgment without actual notice to him; and (2) that a total of $1,300.00 had been paid to Anne by Forney on the award in lieu of community property. No other issues were requested by either party, and therefore, we must presume on this appeal that the parties waived trial by jury on

any disputed issues and that same were found by the trial court in a manner to support the judgment. Rule 279, Texas Rules of Civil Procedure.

The trial court rendered judgment on the verdict of the jury whereby it set aside and held for naught the 1970 default judgment and permanently enjoined Jorries from enforcing same. Judgment was granted against Forney on the claims asserted by Jorries in the 1970 suit whereby Anne was awarded the sum of $8,700.00 remaining unpaid on the award in lieu of community property. Sam Jorrie recovered judgment against Forney for $21,306.00, for reimbursement of the sum paid by him to I.R.S. Although the evidence was undisputed that many of the child support payments were not made by Forney, the trial court sustained Forney's motion that same were enforceable only by a contempt action against him, and refused to permit Anne to recover judgment for the delinquent child support payments, either individually or on behalf of the minor children.

Forney did not file a motion for new trial, but perfected his appeal from the denial of his motion for judgment on the verdict. He urged in said motion that the community property award is enforceable only by contempt; and, therefore, judgment should not have been entered for the unpaid $8,700.00. He urged that recovery could not be had for the payment made by Jorrie to the I.R.S. in that Jorrie was acting as a volunteer in paying same. Forney complained, also, that the trial court erred in considering either claim in that there were no affirmative pleadings made by the Jorries in this suit.

Jorries filed a motion for new trial, which was overruled, and Anne now complains affirmatively of the denial of a judgment for the child support. Forney's motion to dismiss her cross-appeal was dismissed after supplemental transcripts were filed with an amended appeal bond duly signed by all parties and corrected minutes

of the trial court were filed which show that Jorries gave notice of appeal "in open court" as required by Rule 353(a)(1).[1]

At the outset, we must consider the Jorries' cross-point that the trial court erred in setting aside the 1970 default judgment in that Forney was not prevented from making a meritorious defense by an extrinsic fraud of the Jorries. His suit to vacate the judgment, although a direct attack on the 1970 judgment, was in the nature of an equitable bill of review. Our Supreme Court in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961), held that ". . . when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment . . . in a case in which the court had jurisdictional power to render it." The Court included under this rule cases, such as that filed by Forney, challenging the validity of service of process.

It is well settled that before a litigant can successfully invoke a bill of review to set aside a final judgment, he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party; (3) unmixed with any fault or negligence of his own. Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). In *Hagedorn*, it was held that only extrinsic fraud such as fraud which denied the losing party the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert will entitle a complainant to relief by bill of review. See also Davis v. Winningham, 483 S.W.2d 535 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, Section 18.27.3.

No question is here raised regarding the sufficiency of Forney's pleadings to support an equitable bill of review. The Jorries assert, however, that there is no evidence or insufficient evidence of extrinsic fraud. The jury found, in response to the issue, which was submitted without objection by the Jorries, that the Jorries and their attorney fraudulently failed to serve Forney with personal service in order to obtain the judgment without actual notice to him. This finding is supported by testimony that the Jorries knew that Forney was living in Houston at this time and in fact knew his apartment address. Furthermore, at such time they were in contact with persons, such as B. J. McCombs and Forney's former attorney, who were in touch with Forney, and upon whom substituted service under Rule 106, supra, could undoubtedly been had. To dispense with personal service, the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done. See Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S. W.2d 142 (1951).

The affidavit in support of the Jorries' motion for citation by publication does not comply with the express requirements of Rule 109 in that, although executed by the Jorries' attorney, there is no averment that Forney's residence is unknown to Anne or Sam Jorrie. This is significant in view of Forney's testimony that he had seen Anne in March of 1970 and told her he was living in Houston at the same place. The citation was returned by said attorney and there was no evidence before the trial court that said attorney had exercised any diligence to locate the whereabouts of Forney, even if we assume that it was unknown to him and the Jorries. Rather, he apparently relied upon his difficulty in serving a contempt notice upon Forney a few months previously. This is sufficient evidence to support the jury finding that Forney was fraudulently

---

1. All references herein to rules are Texas Rules of Civil Procedure.

served with constructive notice of the suit only so as to deprive him of the opportunity of presenting his defenses to said petition. The trial court did not err in setting aside the default judgment upon the jury's finding of fraud.

█ It is also well settled that as a general rule in this type of proceeding, the issues of negligence or fault on the part of the defendant; fraud, accident, or wrongful act on the part of the plaintiff, and meritorious defenses of defendant are tried together in a single full-blown trial in which every issue must be disposed of, and relief denied or granted. Ivy v. Carrell, supra. Thus, it was not necessary for the Jorries to replead the claims which were the basis for the default judgment under attack by Forney. See also: Atkinson v. Taylor's, Inc., 288 S.W.2d 902 (Tex.Civ. App.—Waco 1956, writ dism'd).

Forney urged in his motion for judgment that since the claims for unpaid child support and for the balance owed on the award to Anne for her share of the community property are based on the 1966 divorce decree, said claims can be enforced only by contempt proceedings filed in said divorce proceedings. This contention was sustained as to the award for child support, which action is complained of by Anne's cross-point. However, Forney's contention was overruled as to the community property award and he now complains of the 1973 judgment awarding Anne the sum of $8,700.00 after giving him credit for the sum of $1,300.00 the jury found he had paid.

█ The only remedy for enforcement of an order of child support payments entered pursuant to Article 4639a, Vernon's Tex.Rev.Civ.Stat.Ann., is a civil contempt action. Menner v. Ranford, 487 S.W.2d 698 (Tex.1972); Ex parte Hatch, 410 S.W.2d 773 (Tex.1967); Gani v. Gani, 500 S.W.2d 254 (Tex.Civ.App.—Texarkana

1973, no writ). Since Anne's claim for back child support is based upon the judgment and not any purported contractual agreement for child support, the trial court properly denied judgment for the unpaid child support.

Forney seeks to apply this same rule to the monthly payments he was ordered to make in lieu of Anne's share of the community property. There is no recitation in the judgment, which was signed by both parties individually, as well as by their attorneys of record, to indicate that such provision was based upon a property settlement agreement.[2] Forney thus urges that Anne's sole remedy is by contempt proceeding. Although the point is not before us in this case, it is obvious that a serious question would be raised if Anne sought to enforce such provision by a contempt proceeding. See Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370 (1962); Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961).

█ It is now settled that the wife may properly be awarded monthly payments to be made by the husband for her interest in the community property. Francis v. Francis, 412 S.W.2d 29 (Tex.1967); Republic National Bank of Dallas v. Beaird, 475 S.W.2d 344 (Tex.Civ.App.— Beaumont 1971, writ ref'd). Furthermore, there is no valid reason why such monthly payments, if delinquent, cannot be reduced to judgment. See Shaw v. Shaw, 483 S. W.2d 825 (Tex.Civ.App.—San Antonio 1972, no writ); Keton v. Clark, 67 S.W.2d 437 (Tex.Civ.App.—Waco 1933, writ ref'd). The trial court did not err in permitting Anne to recover judgment for the unpaid monthly installments due on the community property award.

A more difficult question is presented by Forney's alternative point that the trial court erred in awarding her a lump sum judgment for the entire amount of said award in that there was no provision in

2. Anne testified that her attorney told her an agreement had been reached with Forney and his attorney. This hearsay testimony is of no probative value.

the decree authorizing acceleration of said monthly payments and no pleading by her of an anticipatory breach by Forney. Nor is there pleading or proof of a repudiation by Forney of said obligation. Cf. Pollack v. Pollack, 39 S.W.2d 853 (Tex.Comm'n App. 1931, holding approved). Forney points out that only $6,000.00 was owed as of November 1, 1973.

■ We conclude that the trial court erred in accelerating the monthly payments since there were no pleadings to support such action. Such error does not require a reversal in that the judgment can be reformed to the correct sum. It is seen that an additional seven payments of $100.00 are due and owing as of June 1, 1974. This part of the judgment should properly be reformed to include the sum due and owing as of that date.

■ Forney urged by his motion for judgment on the verdict and now on this appeal that Sam Jorrie was a volunteer in paying the I.R.S. the back income taxes owed by Forney and his former wife, Anne. Such contention is primarily based on the testimony of Jorrie on cross-examination regarding such payment that: "I didn't want my wife (Anne) having trouble having a checking account." It is seen that other testimony by both Jorrie and Anne confirms that the I.R.S. had levied on all of Jorrie's bank accounts at the Main Bank & Trust, and, in order to release said checking accounts for his own free use, as well as that of his wife, it was necessary to post sufficient funds to secure the I.R.S. for the total amount of the delinquent taxes plus penalty and interest. The payment to the I.R.S. was made only after all efforts to compromise the matter had failed. These uncontroverted facts support the trial court's implied finding that Jorrie was not a volunteer or merely doing a "noble thing" for his wife in releasing the I.R.S. levy against his bank accounts.

■ The general rule is stated in 53 Tex.Jur.2d, Subrogation, Section 5 (1964),

as follows: "The doctrine of subrogation is given a liberal application, and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." See also Lusk v. Parner, 114 S.W.2d 677 (Tex.Civ.App.—Amarillo 1938, writ dism'd).

■ The implied finding of the trial court that the tax debt of Forney and his former wife was paid by Jorrie from his separate funds has not been attacked by Forney. Under the doctrine of subrogation, Jorrie thus became entitled to recover same from Forney and Anne, jointly or severally. He chose to sue only Forney, and Forney did not seek judgment over against Anne by his pleadings or by his motion for judgment. Forney cannot seek such relief for the first time on this appeal. The trial court did not err in rendering judgment against Forney for the full amount of the taxes paid by Jorrie.

■ Forney also complains on this appeal of the trial court's refusal to enjoin the Jorries from proceeding in the suit filed in 1973 in the 131st District Court. Such relief was sought in Forney's petition and in his motion for judgment on the verdict. This relief was not specifically mentioned in the judgment entered herein although, as a practical matter, full relief was granted in that the 1970 judgment was vacated, held for naught, and the Jorries were permanently enjoined and restrained from enforcing said judgment. Since only the 1970 judgment was sought to be enforced by the 1973 suit, the cause should probably be dismissed. However, it was not consolidated so as to be before the court below or before us on this appeal. Any error in not specifically referring to the suit would be harmless since the Jorries are enjoined from seeking to enforce the 1970 judgment in any manner.

■ Forney's final complaint is of the trial court's action in taxing the court costs

one-half to him and one-half to the Jorries. It is true that the trial court set aside the 1970 default judgment, so Forney prevailed to this extent. Nevertheless, it is seen that substantial recovery was had against Forney on the claims asserted therein by the Jorries. In this situation, the trial court did not abuse its wide discretion in taxing the costs in such manner.

The judgment of the trial court is reformed to provide that Anne Jorrie do have and recover of and from William H. Forney the sum of $6,700.00, being the unpaid balance due through June 1, 1974, of the amount awarded to her in the 1966 divorce decree from William H. Forney in lieu of any other award of community property. In all other respects the judgment is affirmed. The costs of this appeal are taxed one-fourth to appellees and three-fourths to appellant.