Richmond

## JOSEPHINE T. BUTLER

### V.

## FLOYD H. BUTLER, JR., ET AL.

April 24, 1981.

Record No. 790350.

Present: All the Justices.

*James W. Korman (Barbara DuCote Webb; Kinney & Korman,* on brief), for appellant.
*John W. Purdy (Rhodes, Dunbar & Lomas,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

This appeal is a sequel to *Butler* v. *Butler,* 219 Va. 164, 247 S.E.2d 353 (1978). In that case, Mrs. Butler, who had been awarded a judgment against her former husband for arrearages under a property settlement agreement, instituted garnishment proceedings against Butler and the United States, seeking to attach certain Marine Corps retirement pay to which he was entitled. The trial court sustained Butler's motion to quash the summons on the ground that the judgment did not come within the purview of the federal statute permitting garnishment of such income. We dismissed Mrs. Butler's appeal because the garnishee, an indispensable party, was not made a party to the appeal.

When Mrs. Butler instituted the present garnishment proceeding the trial court, adhering to its previous ruling that garnishment was not available to her, quashed the summons by order entered on December

20, 1978. Mrs. Butler then moved the court to withhold monies from Butler or to require him to post a bond in an amount sufficient to protect her interests if, upon appeal, she obtained a reversal of the adverse ruling. By supplemental order entered on January 2, 1979, the trial court directed the United States, as garnishee, to hold the sum of $100 pending final disposition of the appeal.

The facts are not in dispute. The Butlers were married in 1941. After their separation in 1961, they executed a property settlement agreement under which Butler agreed to pay specified monthly sums to Mrs. Butler for her maintenance and support. Her suit for divorce and her action at law seeking judgment for arrearages under the agreement were consolidated with Butler's suit for divorce. By decree entered on September 1, 1976, the trial court granted Butler a no-fault divorce, approved and incorporated the provisions of the agreement requiring him to make monthly support payments, awarded Mrs. Butler judgment for the arrearages then due in the sum of $57,950,[1] and ordered Butler to begin making the monthly payments specified in the agreement.

In quashing the summons in the present proceeding, the trial court ruled that the judgment for arrearages was not "alimony" within the meaning of 42 U.S.C. § 659,[2] the federal statute waiving the

---

[1] The decree also awarded Mrs. Butler judgment for the additional sum of $3,078.49, but the summons in garnishment in the present case listed the accrued arrearages as $57,950, of which the sum of $52,448.67 was due and owing.

[2] At the time of the trial court's ruling, 42 U.S.C. § 659(a) provided as follows:

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

"Alimony" was thus defined in 42 U.S.C. § 662(c):

The term "alimony", when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney's fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. Such term does not include any payment or transfer of property or its value by an individual to his

sovereign immunity of the United States to permit, in certain situations, the garnishment of federal income such as Butler's retirement pay. The court rejected Mrs. Butler's argument that the definition of "alimony" in the federal statute was broad enough to cover the contractual obligation upon which the judgment for arrearages was based. In renewing her argument on appeal, she relied upon *Anderson v. Anderson,* 285 Md. 515, 404 A.2d 275 (1979), decided after the appellate briefs had been filed.

In *Anderson,* the Maryland Court of Appeals considered the applicability of 42 U.S.C. § 659 to spousal support payments required under an agreement approved by the Court granting the divorce but not incorporated into the divorce decree. After the divorce, the wife had sought to enforce by contempt proceedings the payment of arrearages that had accrued in violation of the agreement. The trial court entered judgment in the amount of the arrearages but ruled that the support payments were not "technical alimony" under Maryland law and could not be enforced by contempt. This ruling was not appealed. When the wife sought to enforce the judgment by garnishment against the United States Civil Service Commission as garnishee, however, the trial court ruled that the support payments were alimony within the meaning of 42 U.S.C. § 662(c) and garnishment was permissible under 42 U.S.C. § 659.

On appeal, the Maryland Court of Appeals affirmed the lower court. After reviewing the legislative history of the federal statutes, the appellate court concluded that to accomplish its purpose of permitting garnishment to enforce support obligations Congress had adopted its own broad definition of "alimony" independent of state law. Analyzing the language of the statute, the court noted that in the first part of the first sentence of 42 U.S.C. § 662(c) the definition of "alimony" as "periodic payments . . . for the support and maintenance of the spouse (or former spouse)" was stated without reference to state law. Only after the term had been given an unqualified definition was there a clause stating that the definition, subject to and in accordance with state law, "includes but is not limited to", separate maintenance, alimony pendente lite, maintenance, and spousal support. The court held that the limiting clause did not qualify the definition, and suggested that the clause may have been used to expand the relief afforded to include instances where state law provided for certain technical causes of action.

---

spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses. (Emphasis added.)

Butler concedes that upon entry of the decree incorporating the settlement agreement, the monthly support payments thereafter required of him became court-ordered and thus subject to enforcement by contempt.[3] He contends, however, that the judgment for arrearages did not arise from his failure to pay court-ordered support, but from his breach of a "contractual obligation". Under the provisions of the federal statute, he says, garnishment is permitted to enforce payment of alimony or support as defined by state law, which means court-ordered, not contractual, periodic payments, and the trial court correctly ruled that his retirement pay could not be garnished by Mrs. Butler to enforce collection of the judgment for arrearages.

Butler contends that *Anderson* is distinguishable on its facts from the present case. The only distinguishing feature that he can identify, however, is that the arrearages in *Anderson* accrued after the settlement agreement had been approved by the divorce court, whereas all the arrearages included in Mrs. Butler's judgment accrued before the decree approved and incorporated the agreement and ordered Butler to comply with its terms. This is a distinction without a difference. In both instances there were judgments for arrearages arising under voluntary agreements. In both instances the arrearages arose when the support payments required by the contractual commitments were not court-ordered and could not be enforced by contempt. We believe that there is no significant factual difference between the cases. It is apparent from *Anderson* and from *Shoosmith* v. *Scott,* 217 Va. 789, 232 S.E.2d 787 (1977), *affirming on rehearing* 217 Va. 290, 227 S.E.2d 729 (1976), that in both Maryland and Virginia mere court approval of support agreements will not change the status of the contractual obligations or convert them into alimony.

Butler argues that the decision in Anderson is erroneous because it improperly permitted federal law to preempt state law in a domestic relations case, without "direct enactment" by Congress, contrary to the principle enunciated in *Wetmore* v. *Markoe,* 196 U.S. 68, 77 (1904), quoted with approval in *Hisquierdo* v. *Hisquierdo,* 439 U.S. 572, 581 (1979). Butler says that there is nothing in the language of 42 U.S.C. § 662(c) or in its legislative history to indicate that Congress intended to preempt state law in defining "alimony".

We perceive, however, no preemption question in this case. There was no intent to change the meaning of "alimony" under state law.

---

[3] Butler also asserted, without contradiction, that since October of 1976 Mrs. Butler has been garnishing 25% of his civilian wages in addition to receiving the monthly payments pursuant to the court decree.

The Congress merely intended to define the term in all-inclusive language for purposes of determining the extent of the waiver of immunity to garnishment of the United States. The term "alimony" may be subject to varying interpretations in different jurisdictions; indeed, the term has been eliminated in Virginia. Acts 1975, c. 644. The Congressional intent, as we construe the statute, was to make federal income subject to garnishment for delinquent spousal support payments, whether the payments were court-ordered or required only by private agreement.[4] Therefore, we hold that Butler's retirement pay is subject to garnishment by Mrs. Butler to enforce collection of the judgment arising from his legal obligation to pay support money to her pursuant to contract.

█ The remaining question is the percentage of Butler's federal income that is subject to garnishment to enforce Mrs. Butler's judgment for arrearages. In its supplemental order entered on January 2, 1979, the trial court ruled that the decree awarding Mrs. Butler judgment upon which the garnishment was based was not a court order for the support of any person as provided in Va. Code § 34-29 (Repl. Vol. 1976)[5] or an order or decree of support for a spouse as provided in Va. Code § 20-78.1 (Repl. Vol. 1975).[6] The parties agree that if this ruling of the trial court is correct, the limitation of 25% of Butler's federal pay applies, and if the ruling is incorrect, the limitation of 55% applies.

---

[4] It is significant that nowhere in § 659(a) or § 662(c) is the term "court order" used in reference to "alimony"; rather, the statutes, taken together, refer to "legal obligations" to make "periodic payments of funds for support and maintenance". The agreement here clearly gave rise to a legal obligation to provide the support and maintenance specified. It was to enforce this legal obligation that judgment was rendered for Mrs. Butler as to the arrearages.

[5] Under Code § 34-29(a)(1) disposable income subject to garnishment shall not exceed 25%, but § 34-29(b)(1) provides that this limitation does not apply in case of a court order for the support of any person. Under § 34-29(b1)(2) added by the 1978 amendment (Cum. Supp. 1980), the limitation is 55% where the individual is supporting another spouse or child and the garnishment is to enforce a court order for support for a period more than 12 weeks prior to the beginning of the week subject to garnishment. Present Code § 34-29(a), (b), (b1), and (c) is essentially identical to 15 U.S.C. § 1673(a), (b), and (c).

[6] Code § 20-78.1 provides in pertinent part:
For the purposes of enforcing an order or decree of support for a spouse or support and maintenance of a child or children entered under the provisions of this chapter or §§ 20-107 through 20-109, the entry of such order shall constitute a final judgment for any sum or sums of money in arrears in any garnishment proceeding in which the liability is against the United States of America.

Mrs. Butler, relying upon *Pellerin* v. *Pellerin,* 259 Ark. 546, 534 S.W.2d 767 (1976), argues that her judgment for arrearages was a court order for support and therefore excepted from the 25% limitation by Code § 34-29(b)(1). In *Pellerin,* where garnishment proceedings had been instituted to collect from federal retirement income a judgment against a father for arrearages in child support, the Arkansas court construed the exception in 15 U.S.C. § 1673(b)(1) that was identical to the exception in Code § 34-29(b)(1). The court rejected the father's argument that the judgment, which was based upon a court order for child support arrearages, did not itself constitute a court order triggering the exception. Noting that in Arkansas there could be no garnishment on a support order that had not been reduced to judgment, the court held that the judgment came within the exception.

In the present case, however, the judgment is not a support order. Under Code § 20-78.1 support orders are judgments for purposes of enforcing them by garnishment of federal income. But the converse is not necessarily true. Here, the judgment was not based upon any arrearages in court-ordered support payments, but upon violations of a contractual obligation. We agree with Butler that if "judgment" and "order" are interchangeable terms, it would have been unnecessary for the General Assembly to enact Code § 20-78.1. Accordingly, we will affirm the ruling of the trial court that Mrs. Butler's judgment for contractual arrearages was not a court order for her support within the meaning of Code § 34-29(b)(1) or Code § 20-78.1. It follows that the limitation of 25% applies in determining the amount of Butler's federal income that is subject to garnishment for enforcement of the judgment.

We will reverse the judgment of the trial court sustaining Butler's motion to quash the summons in garnishment, and remand the case for a determination of the amount of Butler's federal income to which Mrs. Butler is entitled in accordance with the views herein expressed.

*Affirmed in part;*
*reversed in part;*
*and remanded.*