**Donald E. SHAW, Appellant,**

v.

**Mary Louise SHAW and the United States of America, Appellees.**

**No. 8643.**

Court of Appeals of Texas, Beaumont.

Oct. 8, 1981.

Rehearing Denied Oct. 29, 1981.

Richard Tinsman, H. David Peeples, San Antonio, for appellant.

Darby Riley, H. O. Atkinson, Asst. U.S. Atty., San Antonio, for appellees.

DIES, Chief Justice.

In 1968 appellee (Mrs. Shaw) obtained a divorce from her husband (appellant) in Germany. By agreement, appellant "shall pay to Mrs. Shaw a monthly allowance for support in the amount of $450.00," etc. Husband failed to make the support payments as agreed. In 1971, Mrs. Shaw obtained a Texas judgment enforcing the agreement to pay support, which judgment was affirmed. *Shaw v. Shaw*, 483 S.W.2d 825 (Tex.Civ.App.—San Antonio 1972, no

---

writ). The judgment remains unsatisfied, and wife brings the present garnishment action, seeking to obtain the amounts owed from her husband's federal retirement pay. The trial court granted the wife a summary judgment against the United States of America, Garnishee, in the sum of $585.60. Only the husband, an intervenor, has appealed.

Judge Barrow, writing for the court in *Shaw v. Shaw,* supra, cited *Francis v. Francis,* 412 S.W.2d 29, 33 (Tex.1967), and concluded (at p. 826):

"The trial court properly found said payments do not constitute permanent alimony and were not void as being in violation of the public policy of Texas."

The sole question presented is whether the United States has waived immunity for garnishment in this type of proceedings, for, if it has not, the garnishment is not proper. *United States v. Stelter,* 567 S.W.2d 797 (Tex.1978).

*42 U.S.C., § 659(a)* (1980) provides:

"Notwithstanding any other provision of law, effective Jan. 1, 1975, moneys . . . payable by the United States . . . to any individual including members of the armed services, shall be subject . . . to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or *make alimony payments.*" (Emphasis supplied.)

The only reason wife secured a judgment in this case is because the money owed by husband was not for alimony, but contractual support. Hence, we believe the trial court erred in granting the judgment against the garnishee.

Wife argues the definition of alimony in the federal statute is broad enough to cover the situation we face. *42 U.S.C., § 662(c)* (1980) provides:

"(c) The term 'alimony', when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and

(*subject to and in accordance with State law*) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney's fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." (Emphasis supplied.)

Wife cites us *Butler v. Butler,* 221 Va. 1035, 277 S.E.2d 180 (1981), and *Anderson v. Anderson,* 285 Md. 515, 404 A.2d 275 (1979). In *Butler v. Butler,* supra 277 S.E.2d at 183, the court said:

"The Congressional intent, as we construe the statute, was to make federal income subject to garnishment for delinquent spousal support payments, whether the payments were court ordered or required by private agreement."

And, in *Anderson v. Anderson,* supra, the court determined that a divorced wife could garnish her husband's federal retirement pay under *42 U.S.C., § 659* (1980) for contractual support, despite a previous court finding that the support payments were not technically "alimony" under Maryland law, and that the federal definition of "alimony" operates independently of State law.

The problem encountered in applying this rationale to Texas is that the statutes and public policy of this State do not sanction alimony for the wife after a judgment of divorce has been entered. *Francis v. Francis,* supra. We cannot accept the argument that the Congressional definition of alimony is broad enough to include the type of agreement considered in *Francis v. Francis.* There, such an agreement was found not to be alimony. The trial court erred in granting summary judgment for the wife, for which reason the judgment must be reversed.

Only the wife filed the motion for summary judgment, none of her adversaries filing such motions. We are not authorized to render judgment for the non-moving party. *CRA, Inc. v. Bullock*, 615 S.W.2d 175, 176 (Tex.1981).

REVERSED and REMANDED.