## Jean PEDDICORD *v.* Gerald PEDDICORD

82-186                                    644 S.W.2d 582

### Supreme Court of Arkansas
### Opinion delivered January 17, 1983
[Rehearing denied February 14, 1983.]

*Tripper Cronkhite,* for appellant.

*Davidson, Horne, Hollingsworth, Arnold & Grobmyer, P.A.,* by: *Cyril Hollingsworth,* for appellee.

FRANK HOLT, Justice. The parties to this lawsuit were divorced in Texas in 1970. The divorce decree incorporated by reference a property settlement that provided, *inter alia,* that the appellee would make semi-monthly payments to

appellant for the remainder of her life or until she remarries. The appellee ceased making these payments in 1973. The appellant obtained judgments in Texas for the arrearages in 1974 and in 1978. The 1974 judgment was affirmed in *Peddicord* v. *Peddicord*, 522 S.W.2d 266 (Tex. Civ. App. 1975). She has not obtained satisfaction of those judgments.

The appellant, who is now domiciled in Pulaski County, filed a petition for registration of foreign judgments, pursuant to Ark. Stat. Ann. § 29-801 et seq. (Repl. 1979), in Pulaski Chancery Court on February 19, 1982. A summons and a copy of the petition were sent to the appellee via return receipt mail, and the return receipt bears the signature of the appellee. The appellee did not appear and the chancellor granted the petition. As requested in the petition, the chancellor not only registered the foreign judgments, he also held that the divorce judgment called for periodic payments of alimony under the laws of the State of Arkansas and that garnishment for the arrearages of alimony could issue under the laws of Arkansas.

The appellee receives retirement pay from the United States Navy. After the registration of the Texas judgments, the appellant sought garnishment of the appellee's retirement pay and a judgment of garnishment was entered against the Department of the Navy on April 19, 1982. On April 22, 1982, the appellee appeared specially and moved to have the registration of the foreign judgments set aside and vacated pursuant to ARCP Rule 60 (b) and (c). He also moved for an injunction *pendant lite* to suspend the garnishment proceedings. The trial court vacated and set aside his prior registration of foreign judgments order, finding that it did not have personal jurisdiction over the appellee and it was not appropriate for the court to construe the Texas property settlement agreement as alimony. The court also vacated and set aside the writ of garnishment. The court, however, ordered the Texas judgments to be registered as judgments *quasi-in-rem* but refused to construe them as alimony.

The appellant's first and second arguments for reversal are closely related. She asserts that the chancellor erred in

holding that it was not appropriate for the court to "construe" the Texas judgments and that the chancellor erred in setting aside the first order which construed the arrearages to be alimony under Arkansas law. The reason it is important to determine whether the arrearages are "alimony" is that the United States has waived sovereign immunity and consented to be subject to garnishment proceedings for "alimony payments." 42 U.S.C § 659 (a).

It is undisputed that the statutes and public policy of Texas do not sanction an award of alimony. *Francis* v. *Francis*, 412 S.W.2d 29 (Tex. 1967). It is also undisputed that the Texas Court of Civil Appeals has recently ruled the type of settlement presented here is not to be construed as alimony within the meaning of 42 U.S.C. § 659. *Shaw* v. *Shaw*, 623 S.W.2d 148 (Tex. Civ. App. 1981). Thus, it appears that the appellant is asking the courts of Arkansas to construe her Texas judgment in a manner that the courts of Texas would refuse and to provide her with a method of enforcing those judgments that would be denied her in Texas. Article IV, § 1 of the Constitution of the United States requires us to accord full faith and credit to the Texas judgments. We are required "to give to the judgments of other states the same conclusive effect between the parties and their privies as is given such judgments in the state in which they were rendered." Leflar, AMERICAN CONFLICTS LAW § 63 (Third Ed. 1977). We find no authority which requires us to give out-of-state judgments an effect that they would not be given in the state in which they were rendered.

In view of our holding we deem it unnecessary to discuss the other arguments.

Affirmed.