## CIRCUIT COURT OF FAIRFAX COUNTY

Donahue

   v.

Donahue

### February 25, 1992

### Case No. (Chancery) 79467

By Judge Thomas J. Middleton

This matter arises out of a divorce proceeding and came to be heard on the wife's motion for an assignment of the husband's entire pension, by way of a payroll deduction order, to satisfy the husband's spousal support obligation. The issue before the court is whether the assignment is subject to the limitations of Va. Code § 34–29. For reasons set forth below, the court finds that a payroll deduction order is subject to the limitations of Va. Code § 34–29 and that a maximum of 50% of the husband's aggregate disposable earnings may be withheld pursuant to the order.

On December 2, 1983, Judge Johanna L. Fitzpatrick entered a Final Decree of Divorce in this matter. The Final Decree incorporated a Separation Agreement which provided that the husband would pay spousal support to his wife. The husband failed to comply with this order, and on December 20, 1991, this court found him to be $15,755.00 in arrears. The court found him in contempt, but gave him until January 17, 1992, to purge himself of the contempt by paying all sums owed. Defendant did purge himself of the contempt by paying all sums owed through January, 1992.

The husband is currently retired and receives a pension from his former employer, Eastern Airlines. Evidence as to his additional sources of income, if any, has not been presented to the court.

On January 31, 1992, the wife moved this court to assign the full amount of the defendant's retirement check to her to satisfy future

monthly spousal support payments. Defendant opposed the motion on the grounds that Va. Code § 34–29 prohibits the assignment of the whole retirement check.

The issue before the court is whether the husband's entire pension may be assigned to the wife in partial satisfaction of his spousal support obligation.

As a preliminary matter, the wife argues that by the terms of the Separation Agreement, the husband has agreed to an allotment of his entire support obligation. The Separation Agreement provides:

> Whether husband is employed or not, husband acknowledges his obligation for spousal support and maintenance of wife, and *while employed*, agrees to cause said obligation to be made by allotment directly from his employer; and nothing herein contained shall release husband from his obligation for spousal support and maintenance to the wife.

(Emphasis added.) Because he is not currently employed, the court finds that he is not contractually obligated, under the terms of the Separation Agreement, to cause the allotment to be made directly.

Even where the parties have not agreed to an allotment, however, Va. Code § 20–79.1 authorizes the court to issue a payroll deduction order in appropriate circumstances. In her brief, the wife treats the request for assignment as a request for a payroll deduction order. The court will, therefore, treat it as such.

Va. Code § 20–79.1(A) authorizes the court to issue a payroll deduction order:

> based upon the obligor's past financial responsibility, history of prior payments pursuant to any such support order, and any other matter which the court considers relevant in determining the likelihood of payment in accordance with the support order . . . .

Based on the history of this case, the court finds that there is good cause to issue a payroll deduction order. The question is whether Va. Code § 34–29 limits the amount of retirement pay which may be withheld by payroll deduction.

Va. Code § 20–79.3 (Supp. 1991) expressly states twice that payroll deduction orders are subject to the limitations of Va. Code § 34–29. Specifically, that Section requires that all payroll deduction orders state and include the following:

(2) That the employer shall withhold and pay out of the disposable earnings as defined in § 63.1–250, a single monetary amount *or the maximum amount permitted under § 34–29*, whichever is less . . . .

(4) A statement of *the maximum percentage under § 34–29* which may be withheld from the obligor's disposable earnings;

A threshold question is whether "disposable earnings as defined in § 63.1–250" includes retirement pay. Va. Code § 63.1–250 defines "disposable earnings" as:

that part of earnings due and payable of any individual remaining after the deduction from those earnings of any amount required by law to be withheld.

That section defines "earnings" as:

current or future income due from the responsible person's employer and compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and *specifically includes periodic payments currently being made by the responsible person pursuant to pension or retirement programs* . . . .

Therefore, "disposable earnings" includes retirement pay, and the husband's pension may be withheld pursuant to a payroll deduction order. However, as provided by Subsections (2) and (4) of Va. Code § 20–79.3, a payroll deduction order is subject to the limitations of Va. Code § 34–29.

Although Subsection (a) of § 34–29 does not apply to support orders,[1] Subsection (b1) does. Subsection (b1) provides, in pertinent part:

The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment *to enforce any order for the support of any person* shall not exceed: (1) Sixty per centum of such individual's

---

[1] Va. Code § 34–29(b)(1) provides in pertinent part: "The restrictions of subsection (a) do not apply in the case of any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review."

disposable earnings for that week; or (2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, fifty per centum of such individual's disposable earnings for that week.

Since defendant currently supports a spouse other than the complainant, the court finds that a maximum of 50% of his aggregate disposable earnings may be garnished.

The husband's reliance on *Butler v. Butler*, 221 Va. 1035 (1981), is misplaced. In *Butler*, the wife sought to enforce *pre-incorporation* spousal support arrearages by garnishment against the husband's Marine Corps retirement. Based on the fact that the pre-incorporation arrearages arose out of a contract and were *not* court-ordered support, the Virginia Supreme Court held that they were subject to the 25% limitation set forth in § 34–29(a)(1). *Butler* is clearly distinguishable from the case at bar, where a court of competent jurisdiction has ordered spousal support.

For all the foregoing reasons, the court finds (1) that an assignment by way of a payroll deduction order is subject to the limitations of Va. Code § 34–29, and (2) that a maximum of 50% of the husband's aggregate disposable earnings may be withheld.

The husband has presented evidence pertaining to his Eastern Airlines retirement pay. It may be, however, that he has disposable earnings, as defined by Va. Code § 63.1–250, in addition to the pension. If so, an assignment of the entire pension would be permissible, so long as he were left with at least 50% of his *aggregate* disposable earnings.

In conformance with this opinion, the court is willing at this time to enter a payroll deduction order for up to 50% of the pension. However, if evidence of additional earnings is presented, the court will be willing to enter an order for up to 50% of the aggregate disposable earnings.