Opinion issued June 16, 2005


















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00750-CV
____________

DAVID RILEY, Appellant

V.

MID-CENTURY INSURANCE COMPANY, Appellee



 
On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 790872
 

 
 
MEMORANDUM OPINION
          Appellant, David Riley, challenges a summary judgment granted in favor of
appellee, Mid-Century Insurance Company (“Mid-Century”), in his bill of review
proceeding to set aside a default judgment that was rendered against him in the
underlying lawsuit.


 In two issues, Riley contends that the trial court erred in
granting summary judgment for Mid-Century. 
          We affirm.
Factual and Procedural Background
          On or about March 3, 1995, Riley was involved in an automobile collision with
a car driven by Winston Gay, who incurred personal injuries, lost wages, and property
damages. Mid-Century, Gay’s insurer, reimbursed Gay and, subsequently, as Gay’s
subrogee, filed the underlying lawsuit against Riley. 
           In the underlying lawsuit, Mid-Century, on September 19, 1997, filed a motion
requesting that the trial court authorize service of citation on Riley by attaching such
citation to the door at “2400 Briarwest Boulevard, #1104, Houston , Texas, 77077,
Defendant’s usual place of abode.” Mid-Century’s motion incorporated two
affidavits executed by Harris County Deputy Constable S. Peng. In his first affidavit,
executed on May 19, 1997, Peng described four unsuccessful attempts to personally
serve Riley at the 2400 Briarwest location. Furthermore, Peng testified that he
verified with Riley’s roommate that 2400 Briarwest, #1104, was Riley’s correct
address. In his second affidavit, executed on July 22, 1997, Peng described four
unsuccessful efforts to serve citation on anyone over 16 years of age at the 2400
Briarwest location. Peng also testified that the apartment manager confirmed that
Riley still resided at 2400 Briarwest, #1104, with his girlfriend. Peng then requested
a court order authorizing substituted service of citation by attaching the citation and
original petition to the door of Riley’s “usual place of abode,” described as 2400
Briarwest Boulevard, #1104.
          On September 22, 1997, the trial court executed an order that authorized
service of citation on Riley by attaching the citation to the door at 2400 Briarwest,
#1104. Subsequently, on October 6, 1997, Constable Peng served citation upon Riley
by attaching a copy of the citation, Mid-Century’s original petition, and the trial
court’s order to the front door of 2400 Briarwest, #1104. On October 9, 1997, Peng
filed his return reflecting service upon Riley. Thereafter, on December 5, 1997, the
trial court rendered a default judgment in favor of Mid-Century, awarding Mid-Century $4,486.22 in damages, interest, and costs of court. 
          Subsequently, on April 1, 2003, Riley filed a petition for bill of review in the
instant cause, asserting that the December 5, 1997 default judgment was wrongfully
obtained because he was not served with citation. 
          On February 23, 2004, Riley filed a motion for summary judgment, asserting
that, (1) on October 6, 1997, he no longer resided at 2400 Briarwest, #1104, Houston,
Texas, and that, (2) in February 2002, he first learned about the default judgment
when he read a copy of his credit report. In support of his summary judgment motion,
Riley attached (1) Constable Peng’s return reflecting service on October 6, 1997, by
attaching a copy of the citation, Mid-Century’s petition, and the trial court’s order on
the door of 2400 Briarwest, #1104; (2) his own affidavit, in which he testified that,
as of October 6, 1997, he had moved from 2400 Briarwest, #1104, was never apprised
of the “doorhanger citation,” and was not apprised of the default judgment until he
had purchased his credit report in 2002; (3) the affidavit of Julianna Riley, who
testified that, as of October 6, 1997, Riley had moved from 2400 Briarwest, #1104,
and was residing with her in a house located at 1922 Westlake Boulevard, Houston,
Texas; (4) two SBC telephone bills, dated September 29, 1997, and October 29, 1997,
respectively, reflecting that Riley’s mailing address was 1922 Westlake Boulevard,
Houston, Texas; and (5) a credit report, dated February 17, 2002, that contained a
reference to the December 5, 1997 judgment. 
          Mid-Century, on March 9, 2004, filed its own motion for summary judgment,
arguing that it was entitled to summary judgment as a matter of law because (1) the
record affirmatively established strict compliance with the manner and mode of
service; (2) Riley failed to file his bill of review within the residual four-year statute
of limitations


; and (3) Riley’s 13-month delay in filing his bill of review after he first
learned of the default judgment constituted laches. In support of its summary
judgment motion, Mid-Century attached (1) Constable Peng’s first affidavit executed
on May 19, 1997; (2) Peng’s second affidavit executed on July 22, 1997; and
(3) Peng’s return of service. Although Riley filed a response to Mid-Century’s
summary judgment motion on April 1, 2004, he did not attach any additional
evidence to his response. 
          On March 18, 2004, the trial court, without specifying the grounds on which
it relied, signed an order denying Riley’s motion for summary judgment. On April
2, 2004, the trial court, without specifying the grounds on which it relied, signed an
order granting Mid-Century’s motion for summary judgment.
Standard of Review
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law because there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Black v. Victoria Lloyds Ins. Co., 797 S.W.2d
20, 23 (Tex. 1990); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex.
App.—Houston [1st Dist.] 1996, no writ). When a defendant moves for summary
judgment, it must either (1) disprove at least one element of the plaintiff’s cause of
action or (2) plead and conclusively establish each essential element of its affirmative
defense, thereby defeating the plaintiff’s cause of action. Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995); Farah, 927 S.W.2d at 670. 
          A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish that defense. KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
Thus, the defendant must conclusively prove when the cause of action accrued and
negate the discovery rule, if it applies and has been pleaded or otherwise raised by the
plaintiff. Id. If the movant establishes that the statute of limitations bars the action,
the non-movant must then adduce summary judgment proof raising a fact issue in
avoidance of the statute of limitations. Id.
          When reviewing a summary judgment, we assume that all evidence favorable
to the non-movant is true and indulge every reasonable inference and resolve all
doubts in favor of the non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). Furthermore, when a summary judgment does not specify or
state the grounds on which the trial court relied, the non-movant on appeal must
negate any grounds on which the trial court could have relied, and we will affirm the
summary judgment on appeal if any of the grounds presented in the motion is
meritorious. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173
(Tex. 1995); Mellon Serv. Co. v. Touche Ross & Co., 17 S.W.3d 432, 435 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). In other words, a non-movant is required
to show that each ground alleged in the motion for summary judgment was
insufficient to support summary judgment. Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).
          When both parties move for summary judgment, we review the summary
judgment evidence presented by both sides. Comm’rs Ct. of Titus County v. Agan,
940 S.W.2d 77, 81 (Tex. 1997); Cigna Ins. Co. of Tex. v. Rubalcada, 960 S.W.2d
408, 411-12 (Tex. App.—Houston [1st Dist.] 1998, no pet.). “The proper scope for
a trial court’s review of the evidence for a summary judgment encompasses all
evidence on file at the time of the hearing or filed after the hearing and before
judgment with permission of the court.” Judwin Props., Inc. v. Griggs & Harrison,
911 S.W.2d 498, 503 (Tex. App.—Houston [1st Dist.] 1995, no writ).
Statute of Limitations
          In his second issue, Riley argues that the trial court erred in granting Mid-Century’s summary judgment motion against him on Mid-Century’s affirmative
defense of limitations because he did not “have knowledge that a judgment had been
entered against him less than four years after Entry of Judgment.” Riley correctly
notes that a bill of review must be brought “no later than four years after the cause of
action accrues.” However, Riley asserts that the discovery rule deferred the accrual
of his bill-of-review action until he knew, or through the exercise of reasonable
diligence should have known, of the facts giving rise to the action. Riley concludes
that, because his “cause of action did not accrue until [he] knew about the judgment
and that did not happen until 2002,” he brought his bill of review “well within the
statute of limitations.” 
           A petition for a bill of review must be filed within the residual four-year
statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997);
Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998); Law v. Law, 792 S.W.2d 150,
153 (Tex. App—Houston [1st Dist.] 1990, writ denied). This Court has previously
held that the only exception to the four-year limitations period is for the petitioner to
show extrinsic fraud. Law, 792 S.W.2d at 153 (emphasis added). Extrinsic fraud is
fraud that denied a party the opportunity to fully litigate at trial all the rights or
defenses that the party was entitled to assert. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 752 (Tex. 2003); Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex.
1989) (orig. proceeding); Law, 792 S.W.2d at 153. It is wrongful conduct practiced
outside of the adversary trial, such as keeping a party away from court, making false
promises of compromise, or denying a party knowledge of the suit, that affects the
manner in which the judgment is procured. Ince v. Ince, 58 S.W.3d 187, 190 (Tex.
App.—Waco 2001, no pet.) (citing Alexander v. Hagedorn, 226 S.W.2d 996, 1002
(Tex. 1950)); Law, 792 S.W.2d at 153. Extrinsic fraud is collateral fraud in the sense
that it must be collateral to the matter actually tried and not something that was
actually or potentially at issue in the trial. Law, 792 S.W.2d at 153.


 Fraudulent
failure to serve a defendant with personal service, in order to obtain a judgment
against him without actual notice to him, has been held to be extrinsic fraud. Layton
v. Nationsbanc Mortgage Corp., 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi
2004, no pet.); Lambert v. Coachmen Indus. of Tex., Inc., 761 S.W.2d 82, 87 (Tex.
App.—Houston [14th Dist.] 1988, writ denied); Forney v. Jorrie, 511 S.W.2d 379,
384-85 (Tex. Civ. App.—San Antonio 1974, writ ref’d n.r.e.).
          Here, the default judgment in the underlying lawsuit against Riley was
rendered on December 5, 1997. The record shows that Riley did not learn of the
judgment until February 17, 2002—over four years after the default judgment was
entered. In his affidavit attached to his own summary judgment motion, Riley
testified that he first learned of the default judgment after obtaining a credit report
dated February 17, 2002. However, the record shows that Riley did not argue
extrinsic fraud in his original bill of review petition, in his motion for summary
judgment, or in his response to Mid-Century’s motion for summary judgment. At
best, he argued that Constable Peng did not confirm that Riley still resided at 2400
Briarwest, #1104, on October 6, 1997, when Peng posted the citation, Mid-Century’s
original petition, and the trial court’s order authorizing substituted service on the
front door. However, Riley points to no evidence in the record showing that Mid-Century prevented him from participating in the lawsuit by fraudulently failing to
serve him with personal or substituted service in order to obtain judgment without
actual notice to him. See Forney, 511 S.W.2d at 384-85. 
          Although a bill of review is an equitable proceeding, the fact that an injustice
may have occurred is not sufficient to justify relief by bill of review. Wembley Inv.
Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); see Alexander, 226 S.W.2d at 998. 
Because Riley’s bill of review was not filed within the four-year limitations period
and because Riley did not raise a genuine issue of fact regarding extrinsic fraud, we
hold that the trial court did not err in granting Mid-Century’s summary judgment
motion on the basis of limitations.
          We overrule Riley’s second issue. 
Conclusion
          Having held that the trial court did not err in granting Mid-Century’s summary
judgment motion on the grounds of limitations, we need not address Riley’s first issue
in which he argues that the default judgment against him in the underlying lawsuit
was wrongfully obtained because service by the “doorhanger method” was “not
proper under the statute.” 
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.