**REPUBLIC NATIONAL BANK OF DALLAS, Administrator, Appellant,**

v.

**Rose Mayrath BEAIRD, Appellee.**

**No. 7304.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1971.

Rehearing Denied Jan. 27, 1972.

Turner, Rodgers, Winn, Scurlock & Sailes, Dallas, for appellant.

Irion, Cain, Magee & Davis, Dallas, for appellee.

DIES, Chief Justice.

Plaintiff, appellee, and Martin N. Mayrath were married in December 1948. Four children were born to their marriage. This marriage ended in divorce in February 1959 by decree entered by the Domestic Relations Court in Dallas. A settlement agreement was concluded by the parties which provided in Paragraph IV for payments by Mayrath to plaintiff annually of $23,000 commencing December 21, 1959, and thereafter on the same day of each year until seventeen annual payments of such sum had been made, with a final payment of $12,200 on December 21, 1976.

Mayrath made the payment due in the years 1959–1967, inclusive, and paid $3000 on the 1968 payment. No further payments have been made. Mayrath died in June 1969.

Probate proceedings were commenced upon the Estate of Mayrath (No. 69–1614–

CP/2, Probate Court No. 2, Dallas County). Appellee filed her claim for the $20,000 unpaid on the 1968 installment which was allowed. She then filed claim for the balance of $173,200, which claim was disallowed.

This action was subsequently brought seeking to enforce such claim. In a non-jury trial, the trial court granted judgment for appellee and appellant, Republic National Bank of Dallas, Administrator with Will Annexed of the estate of appellee's former husband, duly perfected its appeal.

In essence, appellant first contends that the agreement concerning the annual payments to appellee amounted to alimony and thereby violated Texas public policy.

Chief Justice Calvert, writing for the Supreme Court in Francis v. Francis, 412 S.W.2d 29 (Tex.Sup.1967), discusses a similar situation. There the husband and wife reached a settlement agreement providing for periodic payments. The judgment found the property settlement agreement to be fair, just and reasonable and ordered it " 'approved and filed herewith.' " After making some payment on the obligation, husband filed suit contending " 'is nothing more than an agreement to pay alimony and is contrary to the law of the State of Texas, contravenes public policy of the State of Texas, and is void.' " (412 S.W.2d at p. 30)

In discussing "What is alimony?", the court concludes:

"When its true meaning is distilled from the statutes and the court decisions of this State, alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce.

"From what has been said, it follows that obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and

do not violate the public policy of this State." (412 S.W.2d at p. 33)

But, says appellant, the divorce judgment here provided: "That the property settlement agreement is approved and so ordered by the Court and made a part of the judgment herein;" and this—a court order—takes it out of the *Francis* decision. We cannot adopt so tenuous an argument.

Some of the other points of error raised by appellant may have some merit, but none of them in our opinion present reversible error and they are all overruled.

The judgment of the trial court is affirmed.