**TEACHER RETIREMENT SYSTEM OF TEXAS, Appellant,**

v.

**Frankie Joanne NEILL, Appellee.**

**No. 5887.**

Court of Civil Appeals of Texas, Waco.

March 16, 1978.

Rehearing Denied April 6, 1978.

John L. Hill, Atty. Gen., Harry C. Green, John Reeves, Asst. Attys. Gen., Austin, for appellant.

Robert J. Wilson, Burleson, for appellee.

## OPINION

JAMES, Justice.

This is a case concerning funds in a member savings account under the Teacher Retirement System of Texas.

Plaintiff-Appellee Frankie Joanne Neill (the former wife of James E. Neill) brought this suit against the Teacher Retirement System of Texas (hereinafter called "the System"), asking for recovery of funds held by the System on deposit in a member savings account in the name of James E. Neill. The trial court after nonjury trial awarded to Mrs. Neill such funds in the amount of $2268.35 plus accrued interest, and gave her judgment for same against the System, from which judgment the System appeals. We affirm.

The facts are virtually undisputed. James E. Neill was a member of the Teacher Retirement System of Texas, but terminated his employment with the System on May 31, 1976. On June 11, 1976, pursuant to the provisions of Section 3.52(b) of the Teacher Retirement Act, Mr. Neill made application in writing for all accumulated contributions in his individual account in the Member's Savings Account of the System. Pursuant to his application, a refund warrant in the amount of $2268.35 was mailed to him by the System, however, this warrant was returned to the System by the postal officials marked, "moved, left no address." The sum of $2268.35 plus accrued interest remains on deposit with the Defendant-Appellant System in the member savings account of James E. Neill.

On October 13, 1976, Frankie Joanne Neill and James E. Neill were divorced by a judgment of a District Court of Johnson County, Texas, in which judgment Frankie Joanne Neill was awarded in full all monies held in the account of James E. Neill by the System. The System was not a party to this divorce action.

James E. Neill has not withdrawn any money from funds held in account by the System nor has he made any application for retirement, although he did make application for the refund of his accumulated contributions on June 11, 1976, as above stated.

 Prior to trial, the System filed a plea to the jurisdiction based upon the asserted reason that Plaintiff-Appellee Mrs. Neill had not obtained legislative permission prior to bringing her suit against the System, an agency of the State of Texas. The trial court overruled this plea to the jurisdiction for which the Appellant System asserts its first point of error. We overrule this point of error.

We agree with the Appellant that it is well-settled that a party cannot recover a judgment which will operate to control State action, or to subject the State to liability, or which would affect the State's property rights and interests. *Walsh v. University of Texas* (El Paso CA 1942) 169 S.W.2d 993, writ refused; *Texas Technological College v. Fry* (Amarillo CA 1954) 278 S.W.2d 480, no writ. Also see *Haden v. Dodgen* (Tex.1958) 158 Tex. 74, 308 S.W.2d 838; *State v. Isbell* (Comm.App.1936) 127 Tex. 399, 94 S.W.2d 423, opinion adopted; *Hosner v. De Young* (Tex.1846) 1 Tex. 764.

In our opinion, the case at bar is not one wherein the judgment will operate to control State action, or to subject the State to liability, or to affect the State's property rights. Prior to the Neills' divorce judgment, this money was owned by James E. Neill (as opposed to the State of Texas), and was on deposit with the System as trustee in his name in his individual member savings account. This money represented accumulations of his contributions from his salary while a member of the

Teacher Retirement System. By virtue of the divorce judgment hereinabove referred to, Mrs. Neill was awarded this money standing on deposit in the name of Mr. Neill, and thereafter she was the sole owner of said money. Here the State is not subjected to liability, nor are the State's property rights affected. We therefore hold that Mrs. Neill was not required to obtain legislative consent to bring the suit in question. Appellant's first point is overruled.

■ Appellant's second point of error contends the trial court lacked jurisdiction for the further reason that Appellee Mrs. Neill had not first exhausted her administrative remedies pursuant to the provisions of Article 6252–13a, Vernon's Civil Statutes. We overrule this contention.

We are unable to see how Mrs. Neill was required to apply for administrative relief. She was not a member of the Teacher Retirement System (see Section 3.02(a)(8), Texas Education Code), nor was this case one calling for an administrative ruling or decision. Mr. Neill had withdrawn as a member of the System, Section 3.04(a)(2) Texas Education Code, and had applied to withdraw his accumulated contributions. Under Section 3.52(b), Texas Education Code, where he had ceased to be a member of the system other than by death or retirement, it is provided that he shall be paid "all accumulated contributions in his individual account in the member savings account; his account shall be closed, and his membership (if not previously ended) shall be terminated."

Mrs. Neill's ownership of this money was established in the divorce judgment. The Teacher Retirement System certainly had no right or jurisdiction to set aside by administrative ruling the judgment of a district court. In short, Mrs. Neill had no administrative remedy to pursue. Appellant's second point of error is overruled.

■ Appellant's third point of error asserts the trial court's judgment violates the provisions of Article 16, Section 67, of the Texas Constitution. We do not agree.

Article 16, Section 67(a)(1) provides:

"The legislature may enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers. Financing of benefits must be based on sound actuarial principles. The assets of a system are held in trust for the benefit of members and may not be diverted."

Appellant is contending, as we understand it, that the trial court's judgment constitutes a "diverting" of the funds in question, and thereby runs afoul of the State Constitution. We do not agree. Before the Neill divorce judgment, the System was holding the funds in trust for the benefit of James E. Neill. After the divorce judgment, the System was holding the funds in trust for Plaintiff-Appellee Mrs. Neill. In our opinion there has been no "diverting" of the funds within the meaning of this constitutional provision.

Appellant has other points and contentions, all of which we have carefully considered, and have overruled all of same as being without merit.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.