Russell A. FIRESTONE, Jr., Appellant,

v.

Linda Langley FIRESTONE, Appellee.

No. 19551.

Court of Civil Appeals of Texas, Dallas.

June 12, 1978.

---

Willis E. Kuhn, II, Moore & Peterson, Dallas, for appellant.

Robert L. Meyers, III, Meyers, Miller & Middleton, Dallas, for appellee.

GUITTARD, Chief Justice.

Russell Firestone brought this action against his former wife, Linda Firestone, to declare void a provision in their separation agreement requiring him to make periodic payments for her support after divorce. The trial court rendered summary judgment denying declaratory relief. Russell appeals on the ground that since the separation agreement was merged into the divorce decree, the obligation to make the payments constituted alimony after divorce and, therefore, was void. We conclude that the provision for periodic payments is enforceable as a matter of contract and, therefore, the obligation is not alimony.

The summary-judgment proof shows that the parties were divorced in 1961 by a decree of the Domestic Relations Court of Dallas County, which approved and incorporated by reference a formal separation agreement. Neither the agreement nor the divorce decree lists specifically all the property divided. The division is made in paragraph 3 of the agreement. This paragraph sets apart to Linda certain vehicles and personal items and "a house and lot at Hurst, Texas, provided for Linda's mother," and provides that on granting the divorce, "Russell shall create a trust for the benefit of Linda and the child with The Cleveland Trust Company, Cleveland, Ohio, as Trustee, in the form attached hereto, . . . the corpus of which shall consist of 6,000 shares of the common stock of The Firestone Tire and Rubber Company." The terms of this trust are not in the record before us. Linda agrees to convey to Russell all her interest in a house in Palm Beach, Florida, and further agrees that Russell "shall receive all other real property located in Texas or elsewhere." Paragraph 3 further provides "the division of properties as provided in this paragraph 3 is intended to be full and complete."

The support obligation is contained in paragraph 5 of the agreement, which provides, in part, as follows:

5. Russell recognizes that as his wife Linda has a right to continued support by Russell and that he has a legal obligation

to furnish to Linda such continued support; and in consideration of Linda's giving up said right of such continued support and in discharge of Russell's said obligation, during his lifetime Russell agrees to pay or cause to be paid to Linda during her lifetime periodic payments as set forth hereinafter in this paragraph 5:

. . .

Following this paragraph are detailed provisions concerning monthly payments and the manner in which they are to be determined on various contingencies, including a limitation based on Russell's monthly income.

The divorce decree recites that the agreement and division of property "and other obligations assumed by defendant" are just, fair and equitable, and it orders "that said Agreement for settlement of property rights and for child custody and support and for alimony to Linda Langley Firestone dated June 16, 1961 (made a part hereof by reference as fully as though copied at length herein) be, and is hereby in all things confirmed and approved, and the division of property set forth in said settlement agreement between plaintiff and defendant is hereby in all things confirmed and approved . . . and the plaintiff, Linda Langley Firestone, is hereby granted judgment against Russell A. Firestone, Jr. for the relief, property and payments as provided in said agreement."

Russell contends that since the decree in effect, orders him to make the payments, which are separate and apart from the property division, such payments constitute alimony after divorce, contrary to the public policy of Texas. He points out that a complete division of the property is made in paragraph 3, which expressly recites that it is "intended to be full and complete," and that the only consideration stated for the periodic payments provided in paragraph 5 is that Russell "recognizes that as his wife, Linda has a right to continued support by Russell and that he has a legal obligation to furnish to Linda such continued support." He argues that since no such right to support after divorce exists in Texas, the support payments constitute alimony, and the court's judgment against him for such pay-

ments is void. In support of this argument, he cites *In re Long*, 542 S.W.2d 712 (Tex. Civ.App.—Texarkana 1976, no writ); and *Benedict v. Benedict*, 542 S.W.2d 692 (Tex. Civ.App.—Fort Worth 1976, no writ), both of which may be distinguished on the ground that neither involved a contractual agreement to make periodic payments. He also cites *McBride v. McBride*, 256 S.W.2d 250 (Tex.Civ.App.—Austin 1953, no writ), which was expressly disapproved by the supreme court in the leading case of *Francis v. Francis*, 412 S.W.2d 29, 33 (Tex.1967).

█ In *Francis* the decree was based on a settlement agreement by which all community property was set aside to the husband, who signed a promissory note providing for monthly installment payments to the wife. The decree found the agreement to be fair, just and reasonable and ordered it approved and filed. The supreme court affirmed. Chief Justice Calvert, writing for the court, said that the alimony which contravenes the public policy of the state is "only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce," and that the obligation assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce are not obligations to pay alimony and do not violate the public policy of the state. The chief justice went on to say that the parties should be encouraged to settle their property rights, and that if, as a part of this settlement, the parties agree that the husband will make support payments to the wife after divorce, approval of the agreement by the court should not be held to invalidate it as alimony. Such an agreement, he continued, "will then have whatever legal force the law of contracts will give to it." From this opinion, it is clear that a contractual agreement to make support payments after divorce cannot be held invalid on the sole ground that it contravenes the public policy of the state against alimony.

█ The *Francis* opinion does not expressly pass on the question of whether a

contractual promise to make support payments is enforceable if it is both provided by a separation agreement and ordered by the court in the divorce decree. Russell argues that the present agreement is void because it has been merged into the decree, which expressly awards judgment against him for the payments provided in the agreement. He takes the position that although the agreement may have been enforceable as a contract if it had been simply approved by the court, as was the agreement in *Francis*, it loses its force as a contract if the court incorporates it into the decree and expressly renders judgment in the terms of the agreement.

We see no reason why the decree should thus destroy the contractual force of the agreement. This very argument was made and authoritatively rejected as "tenuous" in *Republic National Bank of Dallas v. Beaird*, 475 S.W.2d 344 (Tex.Civ.App.—Beaumont 1972, writ ref'd). Although the judgment in the present case may not be enforceable by contempt proceedings, as is alimony pending divorce, the contractual obligation remains, and, in the words of the *Francis* opinion, has "whatever legal force the law of contracts will give to it."

Russell makes no contention here that the provision in paragraph 5 for support payments is void for lack of consideration. Consequently we do not reach the question as to whether paragraph 5 is a separable part of the agreement and is unenforceable because not supported by any consideration other than an obligation for support which could not survive the divorce.

Affirmed.