Richard Weber KLISE, Appellant,

v.

Janis KLISE, Appellee.

No. C14–83–513CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1984.

Patrick Lee Hoskins, Williams & Hoskins, Houston, for appellant.

Frank Pisano, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant appeals from the final divorce decree in the divorce action between him and Appellee and in the interest of their two minor children. Appellant alleges that the trial court abused its discretion because it changed the terms of the parties' Agreed Order and the Decree of Divorce so that it did not agree and comply with the terms of their agreement. We find no abuse of discretion and affirm.

The parties married on May 10, 1975, and separated on February 28, 1982. Two children were born during the marriage. Prior to trial, the parties executed an agreement which named the parties Joint Managing Conservators of the minor children; stated child support was to be determined by the court with the amount to be reduced by one-half when the oldest child attained majority; provided for contractual alimony by calling the monthly payments "support" payments for the wife; and provided for agreed visitation and property division. At trial, both parties testified as to their financial status and the financial data sheet of each party was admitted into evidence. The trial court entered an Agreed Order and Decree of Divorce on April 19, 1983. Appellant and Appellee were appointed Joint Managing Conservators of the children and Appellant was ordered to pay child support of $400.00 per month until the youngest child attains the age of majority, marries, joins the active military service, becomes otherwise emancipated or until further order of the court. In so ordering, the court changed the agreed provision regarding the duration of child support. Further, the court deleted language which ordered Appellant to pay contractual alimony to Appellee as and for her "support."

Appellant first alleges that the trial court erred in finding that he is financially able to pay $400.00 per month child support. We disagree.

■ In testing a spouse's ability to pay the amount of child support ordered, "the financial capability of the spouse is examined in light of all other liabilities the spouse has and without regard to the financial condition of the other spouse." *Krempp v. Krempp*, 590 S.W.2d 229, 231 (Tex.Civ.App.—Fort Worth 1979, no writ). Each case dealing with child support stands on its own facts and trial courts have wide discretion in resolving the issues. *Dennis v. Dennis*, 512 S.W.2d 699, 701 (Tex.Civ. App.—Tyler 1974, no writ).

In this case, Appellant's financial data sheet was admitted into evidence as a shorthand rendition of his testimony. The record does not reflect that his living expenses are or were unreasonable. Further, Appellant testified that he had been making temporary child support payments in the amount of $300.00 per month since the date of separation, February 28, 1982, and that he also had payed some of the children's medical expenses. He testified that he had timely met all of his other financial obligations, including the payment of unsecured creditors such as VISA and his parents. Appellant asserts in his brief that he would have to borrow money to meet his child support payments; however, there is no evidence in the record to support this contention. We find that the trial court did not abuse its discretion. Thus, no error occurred. *Miller v. Miller*, 600 S.W.2d 386, 389 (Tex.Civ.App.—Amarillo 1980, no writ). We overrule point of error one.

Appellant urges in point of error two that the trial court erred in ordering him to pay child support in the amount of $400.00 per month in light of the fact that the parties were appointed Joint Managing Conservators and in consideration of their respective earning capacities. We again observe that the establishment of the terms and conditions of conservatorship and child support is a discretionary function of the trial court. *Id.* In determining the amount of child support necessary to meet the children's needs, the court considers factors such as the particular needs of the children, previous standard of living, the financial capability of the spouse ordered to pay child support, any financial resources available for the support of the child, and any other schedules, guidelines and formulas adopted by the court. *See Maben v. Maben,* 574 S.W.2d 229, 232 (Tex. Civ.App.—Fort Worth 1978, no writ); TEX. FAM.CODE ANN. § 14.05(a) (Vernon Supp.1984). Further, TEX.FAM.CODE ANN. § 4.02 (Vernon Supp.1984), does not require that the parents make mathematically equal contributions for the support of their children. It only provides that each parent has the equal obligation, in accordance with their respective ability, to contribute money or services to support and maintain the children. *Friedman v. Friedman,* 521 S.W.2d 111, 115 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The fact that the parties have independent earning capacities is *not* to be included in this determination. *See Krempp,* 590 S.W.2d at 231. We hold the trial court did not abuse its discretion and overrule point of error two.

In Appellant's final point of error, he contends the trial court erred in changing provisions of the Agreed Order and Decree of Divorce which dealt with contractual alimony and the duration of child support because the agreement was contractual in nature. He cites *Wilson v. Teacher Retirement System,* 617 S.W.2d 329, 331 (Tex.Civ.App.—Amarillo 1981, no writ), for the proposition that a court must strictly comply with the provisions of an agreed property settlement when it renders judgment because "the nature of a contract is imparted to those provisions in a judgment which are based entirely upon ..." their agreement. He thus concludes that the judgment should be reversed and rendered to reflect the agreement of the parties. However, *Wilson* did not deal with an agreement concerning child support and we find it inapposite to the case at bar.

We recognize that a child support agreement simultaneously can be considered a contract and an adjudication. *See Dorshaw v. Dorshaw,* 635 S.W.2d 783 (Tex. App.—Corpus Christi 1982, no writ). This fact, however, does not compel the conclusion that in drawing the judgment, the trial judge is obligated to totally adopt the agreement. To the contrary, the judge retains all of his statutory authority to make his own orders concerning child support. *See Murray v. Murray,* 350 S.W.2d 593, 596 (Tex.Civ.App.—Dallas 1961, no writ) (holding under TEX.REV.CIV.STAT.ANN. art. 4639a (Vernon 1925), the predecessor statute to TEX.FAM.CODE ANN. § 14.-05(a) (Vernon Supp.1984)). *See generally Kolb v. Kolb,* 479 S.W.2d 81 (Tex.Civ.App.—Dallas 1972, no writ) (also under predecessor statute).

As previously noted, the trial court enjoys broad discretion in determining matters of child support. *Dennis,* 512 S.W.2d at 701. In particular, this discretion extends to determining the amount, if any, by which support should be reduced upon one of several children reaching the age of eighteen. *Friedman,* 521 S.W.2d at 114. The court was within its discretion in changing the duration of the child support agreement.

Finally, Appellant has not met his burden of showing that the trial court's action prejudiced his rights, *see Morris v. Burney,* 504 S.W.2d 800, 802 (Tex.Civ.App.—Fort Worth 1974, no writ), when it deleted the words "her support" from the sentence in which the parties agreed that Appellant pay Appellee "as and for her support and the support of ... [t]he minor children ...." The trial court does not

have the authority to order that contractual alimony be paid because such an order would contravene the public policy of the State. *Francis v. Francis,* 412 S.W.2d 29, 32 (Tex.1967). However, the trial court can approve a *separate* contractual agreement between the spouses which binds one spouse to pay alimony to the other spouse. Further, the court can incorporate by reference that contract into the court's order. *Firestone v. Firestone,* 567 S.W.2d 889, 891–92 (Tex.Civ.App.—Dallas 1978, no writ); *Republic National Bank v. Beaird,* 475 S.W.2d 344, 345–46 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.).

In the instant case, no separate contract for alimony was presented to the court. Rather, the parties' agreement was reflected on the face of the court's order. The trial judge correctly struck through the words ordering Appellant to pay Appellee because he did not have the authority to so order. Thus, Appellant can show no error. We overrule point of error three.

The judgment is affirmed.