**Lori (King) MACKEY, Appellant,**

v.

**Ken E. MACKEY, Appellee.**

**No. 13–86–205–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 4, 1986.

Rehearing Denied Dec. 31, 1986.

John H. Tull, Jr., Amarillo, for appellant.

Bruce D. Viles, Corpus Christi, for appellee.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a take-nothing judgment entered in a suit by a former wife, appellant, against her former husband for breach of a contractual alimony provision contained in the parties' agreed divorce decree. The trial court filed findings of fact and conclusions of law. On appeal, appellant basically challenges the trial court's conclusion that "[T]he fact that the obligation sought to be ... enforced ... exists only in the ... Decree of Divorce itself precludes its characterization as 'contractual alimony.'"

The issue is whether it is necessary that there be a written agreement between the parties allowing for alimony separate and apart from the agreed order. Essentially, appellant's argument is that the language contained in an agreed decree of divorce, providing for contractual alimony, is sufficient to create the contractual obligation between the parties, separate from the adjudicative aspects of the decree. We agree.

The parties were divorced on October 29, 1980, pursuant to a judgment entitled "Agreed Decree of Divorce" which was entered in the 200th District Court of Travis County, Texas. The judgment recites that Ken Mackey, appellee, appeared in person and by attorney and announced ready. It further recites that appellant appeared by attorney and agreed to the decree and that the parties waived the making of a record.

The portion of the judgment now in dispute provides:

IT IS AGREED AND DECREED that Ken E. Mackey pay to Lori Mackey the sum of $275.00 per month as contractual alimony; said sum being for the financial support of Lori Mackey and not consideration for community assets; and, the first payment being due and payable to Lori Mackey at 3925 Arlington Square, Houston, Texas 77034, on November 1, 1980 and continuing for a period of three and one-half years from that date.

The judgment was signed by the trial judge. Both appellant and appellee signed the judgment, specifying: "APPROVED AS TO FORM AND CONTENT."

Other paragraphs in the decree begin with the words "It is agreed and decreed." Among the subjects dealt with are child support, visitation, conservatorship, and the division of property, including the husband's law practice and MG automobile.

On September 20, 1984, appellant filed suit in Nueces County, where appellee now resides, alleging that appellee refused to make any payment under this contract and that this breach had damaged her in the amount of $11,500.00. Appellee filed a general denial and also alleged that this provision of the decree is void as contrary to law and public policy because it amounts to court-ordered alimony. He alleged that there was no written agreement separate

and distinct from the decree upon which appellant could base a breach of contract action.

At trial below, appellee testified that he had paid only the first two or three payments provided for in the decree. He testified the divorce was granted in the court's chambers with no court reporter present. He estimated the proceeding lasted about five minutes. According to appellee, there was no testimony given during the divorce proceeding regarding any kind of an agreement between the parties and no mention of alimony. He also testified that at the time of the divorce "[T]here was not a separate property settlement agreement or a separate written agreement of any kind." Appellant did not testify at this hearing.

▮ It is against the laws and public policy of this state for a court to order or decree one spouse to make payments for the support of the other spouse after a final decree of divorce. *Francis v. Francis*, 412 S.W.2d 29, 32–33 (Tex.1967). In the instant case, the decretal language in the alimony provision of the decree is void as against public policy. This obligation cannot be enforced by contempt. A trial court cannot order contractual alimony to be paid. *Klise v. Klise*, 678 S.W.2d 545 (Tex.App.—Houston [14th Dist.] 1984, no writ). However, such language does not invalidate the contractual aspect of the decree. *Republic National Bank v. Beaird*, 475 S.W.2d 344, 345–346 (Tex.Civ.App.—Beaumont 1971, writ ref'd); *see also Firestone v. Firestone*, 567 S.W.2d 889, 892 (Tex.Civ.App.—Dallas 1978, no writ). Contractual obligations assumed by one spouse to make payments for support of the other spouse after divorce do not violate the public policy of this State, and such agreements will have whatever legal force the law of contracts provides. *Francis*, at 33. Thus, the trial court's ruling in Conclusion of Law No. 4, that this provision in the divorce decree constitutes alimony which contravenes the public policy of this State, is incorrect. The question then becomes whether the contractual aspect of this provision is valid and enforceable.

Appellant also challenges Conclusion of Law No. 3 in which the trial court ruled that the court which entered the decree never approved of or incorporated any contractual agreement between the parties in the decree. It is undisputed that there was no testimony or discussion of the alimony agreement during the divorce proceeding. There was no written agreement between the parties regarding alimony before the decree was entered. The decree does not recite that the parties entered into any agreement or that the trial court approved of or incorporated an agreement. The judgment speaks for itself.

Appellee cites *Klise*, 678 S.W.2d 545, for the proposition that, where the obligation to pay alimony exists only in the divorce decree, such a provision amounts to court-ordered alimony and is void. We disagree with such a reading of *Klise*. In *Klise* the parties entered into a settlement agreement which, among other things, provided for payments for the support of the wife and children. After the hearing on the divorce, the trial judge changed several provisions of the agreed proposed decree, including how long child support would be paid, and changed language providing payments for the support of the wife and children to read for the support of the children only. The husband appealed the final decree of divorce complaining the trial court abused its discretion when it changed the terms of the parties' agreed order and entered an order that did not comply with their agreement. The appellate court held that the language of the agreed decree was properly changed because the trial court was without authority to order contractual alimony paid. The court noted that a trial court can "approve a *separate* contractual agreement between the spouses."

▮ In order to enforce an alimony provision, it must have its genesis in a contractual agreement between the parties separate from any decrees or orders which issue from a court. We see no reason why a *"separate* contractual agreement between the spouses" must be in written form before entry of the decree. There is no reason why the decree itself cannot

operate as the written manifestation of the parties' agreement. A consent decree is a contract in addition to an adjudication, and it may stand as a contract even if it falls as an adjudication. *Pierson v. Pierson*, 596 S.W.2d 176, 178 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Reagan County Purchasing Co. v. State*, 65 S.W.2d 353, 358 (Tex.Civ.App.—Austin 1933, no writ).

In Finding of Fact No. 5, which is not challenged on appeal, the trial court found that "[A]t the time said divorce decree was rendered, there was no kind of separate property settlement agreement. At the time, there was no separate written agreement of any kind between the parties." Though this finding is binding upon this Court, it is not dispositive because it is not necessary that there be a written agreement separate and apart from the agreed decree. The decree provides that: "IT IS AGREED ... that [appellee] pay to [appellant] ... contractual alimony...." It was signed by the trial judge and both parties. We find that the trial court's Conclusion of Law No. 2, that no contract for post-divorce contractual alimony between the parties ever existed apart from the decree, is not supported by the evidence and is incorrect. The face of the decree speaks to the contrary.

In addition, appellant challenges Conclusion of Law No. 6, wherein the trial court ruled that appellee's approval of the form and content of the agreed decree was merely a consent to the entry of the decree and not an execution of a contract. We interpret appellee's signature approving the content of the agreed decree to be a binding attestation of his agreement to the provisions of the decree. *See Tips v. Green*, 533 S.W.2d 155, 157 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ dism'd).

We hold that the trial court erred in ruling that, because the only written manifestation of the parties' agreement existed in the decree itself, it could not as a matter of law be characterized as "contractual alimony."

Appellant also complains of the trial court's ruling that she failed to proffer any evidence that she had presented her contractual claim to appellee thirty days or more before trial, and, thus, she is not entitled to recover attorney's fees in any event. In order to recover attorney's fees pursuant to Tex.Civ.Prac. & Rems. Code Ann. §§ 38.001(8), 38.002(2), (3) (Vernon 1986), the plaintiff must allege and prove presentment of the claim to the defendant at least thirty days prior to judgment to allow the defendant an opportunity to pay the claim without incurring the obligation of attorney's fees. *Western Casualty and Surety Co. v. Preis*, 695 S.W.2d 579, 589 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *see also Manges v. Mustang Oil Tool Co.*, 658 S.W.2d 725, 730 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Neither filing suit based upon a contract nor alleging a demand in the pleadings can constitute the presentment of a claim or a demand that the claim be paid within the meaning of § 38.002(2), (3). *Preis*, at 589; *see also Manges*, at 730. We have carefully examined the record and find no evidence, beyond the pleadings, that appellant made a proper demand for the payment of her claim pursuant to § 38.002(2), (3). We hold the trial court did not err in ruling that this failure prevented appellant from recovering attorney's fees in any event.

Appellant's fourth, fifth, sixth, and seventh points of error are sustained. The remaining points of error are overruled. The judgment of the trial court is reversed and remanded.