NO. 07-11-00109-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2012

---

IN THE INTEREST OF B.A.L., A CHILD

---

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-505,668; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The Office of the Attorney General of Texas (the OAG) appeals the trial court's order on its petition to modify child support in which the trial court ordered that the father pay $0 in child support. The OAG contends that the trial court abused its discretion by so ordering. We will affirm.

Factual and Procedural History

In 2000, William and Laura L. divorced. Two daughters were born of their marriage: A.N.L. and B.A.L. A.N.L. is emancipated and is not subject to the order at issue in this appeal. B.A.L. was born in 1995 with cerebral palsy and airway stenosis. She has received Supplemental Security Income (SSI) and Medicaid benefits since her

infancy. The divorce decree ordered William to pay $500.00 per month in support for A.N.L. The decree was silent as to support for B.A.L.[1]

In March 2010, the OAG sought modification of child support from William. The associate judge determined that William should pay $492.00 per month in child support for B.A.L., based on the finding that William had $2,459.00 in net monthly resources. William sought a *de novo* hearing on the petition to modify in which he contended, among other things, that ordering child support for B.A.L. is not in her best interest because of the attendant reduction in B.A.L.'s SSI benefits.

At the *de novo* hearing in October 2010, the trial court heard evidence that William always paid the amount of child support ordered by the 2000 divorce decree for A.N.L. Additionally, the trial court heard evidence that William maintains, or had maintained through summer 2010, nearly 50% custody of B.A.L. and that he provided a good deal of her support in the form of providing for her needs in addition to food and shelter while she was in his care. William testified that he buys her clothes and personal items, "everything that's necessary." He testified that he also paid half of any medical expenses that were not covered by Medicaid. Testimony at the *de novo* hearing indicates that maintaining B.A.L.'s SSI and Medicaid benefits has long been a concern for the family and efforts have been and are made to ensure that she continues to receive these forms of assistance.

---

[1] At the *de novo* hearing, William testified that he agreed to pay $500.00, an amount he understood to be higher than the guidelines would have set, and that he understood that the $500.00 was for the support of both children even though it was designated as support solely for A.N.L.

Based on the evidence before it, the trial court ordered that William pay $0 in child support and found that such an order was in B.A.L.'s best interest. The OAG appealed, maintaining that the trial court abused its discretion by ordering that William pay no support. William contends, as he did below, that his payment of *court-ordered* child support is contrary to B.A.L.'s best interest. Though, at first glance, this seems a rather harsh and contradictory position for William to take when the record suggests he has been an involved and financially responsible father, his position on the matter is driven by the family's evident and long-standing concern that B.A.L. continue to receive full SSI and Medicaid benefits. In other words, child support paid *by court order* will reduce B.A.L.'s SSI payment and is, therefore, not in her best interest. Though less than fully developed, it appears that he takes the position that the informal and direct support he provides B.A.L. is in her best interest in that such informal support, unlike court-ordered child support, does *not* reduce her SSI payments. Put another way, the full SSI payments in addition to the informal support he provides yields a higher total amount of support for B.A.L. than do the reduced SSI payment and the child support paid per court order. He, therefore, contends that the trial court's order that he pay $0 in child support for B.A.L. is in her best interest.

The OAG, on the other hand, wants William to pay court-ordered child support for B.A.L. In its first issue, it maintains that the trial court misinterpreted the impact court-ordered child support would have on B.A.L.'s SSI and Medicaid benefits. Based on that misinterpretation, the trial court abused its discretion by ordering no child support because the reduced SSI payment, when added to the child support payment, is more

3

than B.A.L.'s full SSI benefit. In its second issue, the OAG contends the trial court abused its discretion by deviating from the child support guidelines.

## Standard of Review and Applicable Law

The trial court may modify an order that provides for the support of a child if the following requirements are met:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since . . . the date of the order's rendition; or

(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

TEX. FAM. CODE ANN. § 156.401(a) (West Supp. 2011). The OAG advanced both of these bases in its petition to modify.[2]

Each child support case stands on its own facts. Klise v. Klise, 678 S.W.2d 545, 546 (Tex.App.—Houston [14th Dist.] 1984, no writ). There are, however, principles

---

[2] As a result of a previous petition brought by William seeking modification of custody and support, the trial court signed an order on January 11, 2010. In it, the trial court found that William's child support obligation as to A.N.L. terminated on September 25, 2008, when A.N.L. moved in with William. This order, like the divorce decree, was silent regarding William's child support obligation for B.A.L. Though there was some discussion as to whether the issue of support for B.A.L. was addressed in that proceeding, the trial court ultimately concluded that it was not and that the January 2010 order did not modify William's support obligation as to B.A.L.

4

designed to provide the trial court with guidance in making child support determinations. The amount of a child support payment established by the child support guidelines is presumed reasonable, and an order of support conforming to the guidelines is presumed in the best interest of the children. TEX. FAM. CODE ANN. § 154.122(a) (West 2008). But a trial court may deviate from the guidelines if it determines the guidelines are unjust or inappropriate under the circumstances. Id. §§ 154.122(b), 154.123(a) (West 2008). The Texas Family Code provides the trial court with several relevant factors to consider in determining whether application of the guidelines would be "unjust or inappropriate" under the circumstances, including the age and needs of the child; any financial resources available for the support of the child; special or extraordinary educational, health care, or other expenses of the child; the ability of the parents to contribute to the support of the child; and any other reason consistent with the best interest of the child, taking into consideration the circumstances of the parents. Id. § 154.123(b).

In child support decisions, the "paramount guiding principle" of the trial court should always be the best interest of the child. Iliff v. Iliff, 339 S.W.3d 74, 81 (Tex. 2011) (citing Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 n.3 (Tex. 1993)); see In re Striegler, 915 S.W.2d 629, 635–36 (Tex.App.—Amarillo 1996, writ denied). The Legislature intended that courts exercise independent judgment in matters affecting children, including the support obligation. Williams v. Patton, 821 S.W.2d 141, 143 (Tex. 1991). The trial court is afforded a great deal of discretion in resolving child support issues. See Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); In re

5

K.R.P., 80 S.W.3d 669, 674 (Tex.App.—Houston [1st Dist.] 2002, pet. denied). We review the trial court's resolution for an abuse of its discretion. Iliff, 339 S.W.3d at 78.

Analysis

We begin with a conclusion on which all parties seem to agree: any reported court-ordered child support payment reduces the amount of B.A.L.'s SSI payment.[3] The evidence of such reduction is uncontroverted.

Trial Court's Application of Law

In its first issue, the OAG contends that the trial court abused its discretion by misinterpreting federal law governing the modification of SSI benefits. The OAG maintains that the trial court misunderstood or miscalculated the impact of child support payments on B.A.L's SSI benefits because, otherwise, the trial court would understand that the reduced SSI payment plus the court-ordered child support payment equals more overall financial support for B.A.L. The OAG takes the position that the trial court could not have found that more financial support is contrary to B.A.L's best interest.

In support of its position on appeal, the OAG presents the following mathematically based contentions. If, as the associate judge ordered, William pays $492.00 in monthly child support, B.A.L. would also receive approximately $284.00 in

_____

[3] It appears that the trial court also had some concern that court-ordered support payments may, as additional income and resources, render B.A.L. ineligible for SSI benefits. However, the record suggests that the court-ordered child support payment had only the effect of reducing B.A.L.'s payment from approximately $600.00 to, according to Laura, $288.00. The record is unclear as to what effect, if any, the court-ordered child support payment had or could have on B.A.L.'s Medicaid eligibility or benefits.

reduced SSI benefits.[4]   So, under such an order, B.A.L. would receive, in overall financial support, a total of $776.00 per month.  The OAG contends that approximately $776.00 is greater than approximately $600.00, the amount of her full SSI benefits.  And, on that, we cannot disagree.

Initially, however, we observe that the issue of the precise impact child support payments would have on B.A.L.'s SSI benefits was not directly presented to the trial court.  That is, the trial court was not presented with the relevant federal law and the relevant evidence to have arrived at a conclusion regarding the precise impact child support payments would have on SSI benefits.  As a general rule, a reviewing court will not conclude that a trial court abused its discretion on the basis of a theory not presented to it.  See TEX. R. APP. P. 33.1(a); San Jacinto Methodist Hosp. v. Bennett, 256 S.W.3d 806, 815 n.13 (Tex.App.—Houston [14th Dist.] 2008, no pet.) (observing that trial court does not abuse its discretion for not considering grounds not presented to it); Ellis v. McKinney, No. 01-00-01098-CV, 2001 Tex. App. LEXIS 7715, at *10 (Tex.App.—Houston [1st Dist.] Nov. 15, 2001, pet. denied) (not designated for publication) (same).  Because the proper application of federal law was not presented to the trial court as such, we will not conclude that the trial court abused its discretion by misinterpreting or misapplying federal law relating to calculation of SSI benefits.

Further, contrary to the OAG's contention, the record provides no indication that the trial court failed to understand that, as a more general proposition, child support payments would reduce SSI benefits.  Indeed, it appears that the trial court fully

---

[4] We note the evidence that the reduced SSI payment received in the interim between the hearings was $288.00.

7

understood that child support payments would negatively impact SSI benefits and then applied Texas family law principles to the facts of the case to ultimately conclude that court-ordered child support and reduced SSI payments would not yield an overall higher amount of resources for B.A.L.'s support. Even if the trial court could be said to have ruled on the precise matter presented by the OAG and using the figures and principles posed to the trial court for the first time in the motion for new trial, in order to conclude that the trial court abused its discretion by not ordering formal child support, we would have to conclude that the record established that William provides less than $176.00 in informal or direct support for B.A.L. On this record, albeit a rather underdeveloped one, the trial court could have concluded otherwise.

Regardless of the OAG's mathematically sound calculation, its contention is premised on the assumption that William provides no other form of support–or less than $176.00 per month–and such a premise has no basis in this record. So, the OAG may well be correct in its calculation of reduced SSI payment plus child support payment, but it fails to take into account the informal, direct support that the record reveals William provides to B.A.L. William testified that he "help[s] raise her," that he had custody of B.A.L. for a significant percentage of time, that he provides for her well-being, and that he makes certain she has "everything that's necessary." The record indicates that William is involved in B.A.L.'s life and her support.

Based on the evidence before it, the trial court could have concluded that B.A.L. benefited most, in any number of ways, by receiving her full SSI benefit and the informal and direct support from William. Contrary to the OAG's contention, it does not appear

that the trial court misinterpreted the impact that court-ordered child support payments would have on B.A.L.'s SSI payment. Instead, the trial court appears to have considered that impact and concluded, based on evidence before it, that it was in B.A.L.'s best interest to receive the full SSI payment in addition to the informal and direct support from William. Based on this record, the trial court did not abuse its discretion in doing so. We overrule the OAG's first issue.

Deviation from the Guidelines

Again, generally, child support ordered in a manner consistent with the guidelines is presumed to be in the best interest of the child. See TEX. FAM. CODE ANN. § 154.122(a). However, the trial court may deviate from the child support guidelines if it determines the guidelines are unjust or inappropriate under the circumstances. Id. §§ 154.122(b), 154.123(a). The trial court can consider a number of factors in determining whether the evidence supports a deviation from the guidelines. See id. § 154.123(b).

Here, the trial court deviated from the child support guidelines by ordering no child support. We look again to the record to determine whether the trial court abused its discretion by determining that compliance with the guidelines on these facts was "unjust or inappropriate." We remain mindful that the determination should always be guided by the best interest of the child. See Iliff, 339 S.W.3d at 81.

The record shows that William consistently paid child support under the previous order and testified that he provides B.A.L. with "clothes, food, all the essentials." Further, he pays for the household expenses associated with his care and custody of B.A.L. He also pays half of her uncovered medical expenses and contributes to her

9

upbringing both financially and directly by helping to "raise her." He added that he buys her gifts and that she has "everything she needs and everything she wants." Laura's testimony does not contradict William's.

> After hearing testimony, the trial court found as follows:

> Number one, there has not been a material and substantial change in the circumstances of the child. Good cause exists to deviate from the child support guidelines because of medical needs of the child and because the child's income from Medicaid and SSI. It is in the best interest of the child to order child support in the amount of zero from [William].

Later, the trial court continues:

> [William], you do have an obligation to take care of your daughter. I'm not making any ruling with regard to formal child support. My opinion is that you are helping with your daughter. You need to continue to do so in any way that you can. She's still your daughter. You need to help.

William agreed. The trial court further explained and admonished: "So just because I'm not ordering formal child support doesn't mean you shouldn't be helping out." The law has long recognized that parents have a legal duty to support their children during their minority. Iliff, 339 S.W.3d at 81 (citing In re Henry, 154 S.W.3d 594, 596 (Tex. 2005) (per curiam)). And the trial court, despite not entering a formal order that William pay child support, recognizes this duty.

10

From the record, it appears both William and Laura are committed, involved parents and want what is best for B.A.L. On these facts, the trial court was within its discretion to find that, despite not having a court order that directs William to pay a certain amount of child support, he does provide child support by providing food, clothing, shelter, personal and household goods, and medical expenses for B.A.L. Based on the history of informal and direct support by William, the trial court concluded that a court-ordered payment of child support and the attendant reduction in SSI benefits would not be in B.A.L.'s best interest. That is, the trial court concluded that the full SSI benefit payment and the informal and direct support from William provided B.A.L. with the most financial support and was, therefore, in her best interest. The trial court was authorized to consider B.A.L.'s needs, financial resources available for her support, and the amount of each parent's custody of B.A.L. See TEX. FAM. CODE. ANN. § 154.123(b). The trial court also considered the negative impact ordering child support would have on B.A.L.'s SSI payment, that reduction being another reason consistent with her best interest. See id. § 154.123(b)(17). The trial court, on these facts, acted within its broad discretion by deviating from the child support guidelines. Accordingly, we overrule the OAG's second and final issue.

## Conclusion

Having overruled both issues presented by the OAG, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

11